UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS BUTDORF,

        Plaintiff,

v.                                 CASE No. 8:15-CV-916-T-23TGW

SC MAINTENANCE, INC.,
a Florida corporation, and
STEVEN S. CLEMENTS, an individual,

        Defendants.

_____

## REPORT AND RECOMMENDATION

The defendants were found, by default, to have violated the minimum wage and overtime compensation provisions of the Fair Labor Standards Act (Doc. 14). Consequently, the plaintiff was awarded damages of $2,207.52 (id.). The plaintiff has filed a Motion for Award of Attorneys' Fees and Costs (Doc. 16). The motion was referred to me for a report and recommendation (Doc. 17). Having considered the materials submitted and the governing legal standards, I recommend that the plaintiff be awarded $2,112.50 in an attorney's fee and $484.75 in costs.

I.

The plaintiff, Thomas Butdorf, sued the defendants, SC Maintenance, Inc., and Steven S. Clements, its owner, alleging that the defendants failed to pay him the minimum wage for all hours worked, and overtime compensation for hours worked in excess of 40 in a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq. (Doc. 1).

Although service was executed on the defendants (Docs. 5, 8), neither defendant answered or otherwise responded to the complaint. Upon the plaintiff's motion, the Clerk entered defaults against the defendants (Docs. 7, 10). Thereafter, this court granted the plaintiff's Motion for Default Judgment on his claims (Doc. 14). The court awarded the plaintiff unpaid wages of $1,103.76, and an equal amount in liquidated damages (id., p. 2). Judgment was accordingly entered in favor of the plaintiff and against the defendants in the amount of $2,207.52 (Doc. 15).

The plaintiff then timely filed this motion for an attorney's fee and costs (Doc. 16). The plaintiff seeks an award of $2,112.50 in an attorney's fee, and costs totaling $484.75 (id., p. 2). The motion is supported by the

attorney's affidavit and time records, and a costs summary (Docs. 16-1, 16-2, 16-3).   As indicated, the motion was referred to me for a report and recommendation (Doc.   17).   The defendants, who were served with this motion (see Doc. 16, p. 3), have not filed a response.

## II.

Plaintiff's counsel seeks an award of an attorney's fee pursuant to the FLSA (Doc. 16), which provides that the court shall, in addition to any judgment awarded to a plaintiff, allow "a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. 216(b). Therefore, based on the judgment entered in the plaintiff's favor (Doc. 15), the plaintiff is entitled to a reasonable attorney's fee and costs. The only question addressed here is the amount of that fee and costs.

The FLSA directs that the successful plaintiff be awarded a "reasonable" attorney's fee. The federal lodestar approach is the foundation for setting reasonable fee awards pursuant to the FLSA. See Perez v. Carey International, Inc., 373 Fed. Appx. 907, 911 (11th Cir. 2010)(noting that the district court properly conducted a lodestar analysis in determining an attorney's fee award under the FLSA).   This method requires the court to

determine a "lodestar figure" by multiplying a reasonable hourly rate for the services of the prevailing party's attorney by the number of hours reasonably expended on the litigation.  Norman v. The Housing Authority of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).  The fee applicant bears the burden of presenting satisfactory evidence to establish that the requested rate is in accord with the prevailing market rate and that the hours are reasonable. Id. at 1299, 1303. Once the lodestar is determined, the court must consider whether an adjustment of the lodestar for the results obtained is appropriate.  See Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 552 (2010).

As indicated, the plaintiff argues that the court should award him an attorney's fee of $2,112.50 (Doc. 16, p. 2).

A.  HOURLY RATES

Federal courts must determine a reasonable hourly rate for the services of the prevailing party's attorney.  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. The Housing Authority of the City of Montgomery, supra, 836 F.2d at 1299. The fee applicant bears the burden of "supplying the court with specific and

-4-

detailed evidence from which the court can determine the reasonable hourly rate." Id. at 1303. Evidence of prevailing rates for comparable services can be adduced either through direct evidence of charges by lawyers under similar circumstances or by opinion. Id. at 1299. "[T]he best information available to the court is usually a range of fees set by the market place...." Id. at 1301. Furthermore, "[t]he court ... is itself an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees." Id. at 1303.

The plaintiff was represented in this matter by attorney Angeli Murthy (Doc. 16-1). Murthy requests a fee based on an hourly rate of $350 (id., ¶9).

Murthy, who has practiced law since 2004, is employed in the National Labor and Employment Practice Group at Morgan & Morgan, P.A., where she represents employees in discrimination and wage claims (Doc. 16-1, ¶¶4,6). Since 2006, Murthy has devoted her practice exclusively to matters involving claims arising under state and federal employment discrimination statutes and the FLSA (id., ¶4). Murthy avers that her hourly rate is $425 (id., ¶7). She requests an hourly rate of $350 in this case, which she states has been

recognized by "[m]any courts in this District ... [as] a reasonable rate for attorneys with similar or even lesser experience in connection with settlements in wage and hour matters" (id., ¶8; see also id., ¶7).

The plaintiff also requests an hourly rate of $95 for work done by a paralegal, who is identified on the time sheet by the initials "JK" (Doc. 16-1, ¶10; Doc. 16-2). Murthy asserts that this is a "reasonable hourly rate for paralegal services" (Doc. 16-1, ¶10).

Considering my knowledge of prevailing market rates in Tampa and the specifics of this case, including the defendants' lack of opposition, a reasonable hourly rate for Murthy is $350. See Norman v. The Housing Authority of the City of Montgomery, supra, 836 F.2d at 1303 (the court is itself an expert). Although, in my experience, counsel's requested rate is on the high side, taking into consideration her lengthy experience in employment law, the small number of hours she expended on this matter, and the lack of opposition, the requested rate is not unreasonable. Accordingly, I recommend that Murthy be awarded an hourly rate of $350.

Further, I recommend that paralegal JK be awarded an hourly rate of $95. In my experience, this is a reasonable and customary rate for paralegal

services and, as indicated, the defendants have not objected to the requested rate.

For the foregoing reasons, I recommend that the hourly rates of plaintiff's counsel, Murthy, and paralegal JK, be set at $350 and $95, respectively.

### B. REASONABLENESS OF THE NUMBER OF HOURS EXPENDED

The second half of the lodestar equation requires the court to calculate the number of hours reasonably expended on the litigation. Thus, "[e]ven when a party prevails, the district court still must determine whether time was reasonably expended, and if it was not, that time should be excluded from the fee calculation." Perez v. Carey International, Inc., supra, 373 Fed. Appx. at 911.

It is the fee applicant's burden to document adequately the hours expended. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). In this regard, "fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." Norman v. The Housing Authority of the

City of Montgomery, supra, 836 F.2d at 1303.   Furthermore, "excessive, redundant or otherwise unnecessary hours should be excluded from the amount claimed."   Id. at 1301.   In other words, fee applicants must use billing judgment.   Id.

The plaintiff's motion seeks compensation for 6.4 hours of legal work performed by Murthy and JK (Doc. 16-2).   Specifically, 5.9 hours were expended by attorney Murthy, and .5 hours were billed by paralegal JK (id.). This time was spent on all facets of the litigation, including drafting pleadings and motions, communicating with the client, and post-judgment proceedings (id.).

Counsel has submitted in support of this request the time record for this case (id.).   Further, Murthy has averred that the time spent was "reasonably and necessarily incurred in pursuit of this case" (Doc. 16-1, ¶3). Significantly, the defendants have not challenged the hours billed by plaintiff's counsel.

Moreover, a review of those time records does not reveal any obviously excessive or unreasonable time entries. In particular, it is noted that

paralegal work is compensable to the extent that the work is traditionally done by an attorney. See Missouri v. Jenkins, 491 U.S. 274, 288 (1989); Satterfield v. CFI Sales & Marketing, Inc., 2013 WL 2455961 at *8, 6:09-CV-1827-Orl-28DAB (M.D. Fla. 2013)("The Court has awarded and encouraged attorney's use of paralegals for certain routine tasks in FLSA cases in the past, and such time is generally recoverable, especially in the typical FLSA case..."). The work by paralegal JK is traditionally performed by attorneys (see Doc. 16-2).

Additionally, time preparing this motion for an attorney's fee and costs is compensable. Thompson v. Pharmacy Corp. of America, Inc., 334 F.3d 1242, 1245 (11th Cir. 2003) (where attorneys' fees are allowed to the prevailing party by federal statute, the compensable fees include time spent litigating both the entitlement to and amount of fees incurred); Sheet Metal Workers' Int'l Ass'n Local 15, AFL–CIO v. Law Fabrication, LLC, 237 Fed. Appx. 543, 550 (11th Cir. 2007) (recognizing that "fees on fees" are ordinarily authorized under federal statutory fee-shifting provisions).

I therefore recommend that the plaintiff be compensated for 6.4 hours of legal work. In sum, the recommended hourly rates multiplied by the compensable number of hours result in the following lodestar amount:

| Billkeeper | Hourly Rate | Number of Hours | Sum |
|---|---|---|---|
| Angeli Murthy | $350 | 5.9 | $2,065.00 |
| Paralegal JK | $95 | .5 | $    47.50 |
| **Total Lodestar** | | | **$2,112.50** |

After the lodestar is determined, the court must consider the necessity of an adjustment for results obtained. However, as the U.S. Supreme Court stated in Perdue v. Kenny A. ex rel. Winn, supra, 559 U.S. at 552, there is a "strong" presumption that the lodestar reflects a reasonable statutory fee. Furthermore, that presumption is unchallenged here. Accordingly, I recommend that the plaintiff be awarded an attorney's fee of $2,112.50.

III.

Finally, the plaintiff's law firm presented evidence that it incurred $484.75 in costs. Those costs comprise the $400.00 filing fee, $55.00 for service of process, and photocopying costs of $29.75 (Doc. 16-3). The plaintiff submitted a cost summary in support of this request (id.).

These costs are recoverable. See 28 U.S.C. 1920 (listing categories of taxable costs, which include fees of the clerk and marshal, and photocopies necessarily obtained for use in the case). Further, the defendants have not challenged any of the listed expenses as non-compensable. Therefore,

the plaintiff is properly reimbursed those costs.  Accordingly, I recommend that the plaintiff be awarded costs of $484.75.

### IV.

For the foregoing reasons, I recommend that the Motion for Attorneys' Fees and Costs (Doc. 16) be granted to the extent that an amended judgment be entered awarding the plaintiff an additional amount of $2,112.50 in an attorney's fee, and $484.75 in costs, pursuant to 29 U.S.C. 216(b).

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: DECEMBER 7, 2015

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

-11-